IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

FRANCES STEWART                          §

v.                                       §         CIVIL ACTION NO. 5:16cv18

LaSALLE CORRECTIONAL FACILITY            §

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Frances Stewart, a former inmate of the Bi-State Detention Center in Texarkana, Texas proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of her constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding 28 U.S.C. §636(c). The sole named Defendant is LaSalle Correctional Facility.

**I. The Plaintiff's Claims**

Plaintiff complains her constitutional rights were violated during her confinement in the Detention Center. She states she cannot gain access to a law library or to a telephone to make legal calls, she is denied copies of legal papers, and she sat in jail for some 80 days without a bond. She has been denied inmate request forms and there is no confidentiality when she goes to the medical department. For relief, Plaintiff stated she wanted her freedom, all charges dropped, and her criminal record sealed.

The Court ordered Plaintiff to file an amended complaint setting out her claims with more factual specificity. In her amended complaint, Plaintiff asserted: on Charlie Deck C-1, there is black mold growing on the wall behind the showers; the grate above the showers has debris falling through it; shower drain 1 and sink 3 are stopped up; and, all of the drains put out a bad odor.

On Charlie Deck in C-2, Plaintiff states: the paint is peeling off the walls; black mold is growing on the edge of the shower; water leaks into the pod whenever it rains; prisoners are not given adequate chemicals with which to thoroughly disinfect the living quarters; mold and mildew are painted over instead of being treated; particles fall from the ceiling; debris falls from the grate above the showers; the walls sweat which results in a safety hazard; officers do not do their hourly checks or rounds; and, there are no set rules or regulations, but instead the shift supervisors make up their own rules as they go along.

## II. The Motion for Summary Judgment

The Defendants have filed a motion for summary judgment contending Plaintiff did not file any grievances raising any of the claims in her lawsuit. While Plaintiff did file two grievances while confined in the Bowie County Correctional Center, the Defendants state one of these concerned disciplinary action taken against her and the other sought a copy of her arrest history. She filed an apparent appeal of the grievance concerning her disciplinary case, but the Step Two form is dated three days before she received the response to her Step One grievance.

While Plaintiff filed several "inmate/detainee request for services" forms, the Defendants assert these do not take the place of grievances in the Bowie County Correctional Center. The Defendants attach as summary judgment evidence an affidavit from Robert Page, Warden of the Bowie County Correctional Center, stating the jail has a two-step grievance procedure and the two grievances filed by Plaintiff did not address any of the issues raised in her complaint. The Defendants also furnish copies of the Plaintiff's grievances. Plaintiff did not file a response to the motion.

## III. Legal Standards and Analysis

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. Jones v. Bock, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

According to Warden Page, exhaustion of administrative remedies for prisoners of the Bowie County Jail is done through a two-step grievance procedure. In such procedures, both steps must be pursued in order to complete the exhaustion process. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

The Fifth Circuit has held district courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance procedure before the filing of the complaint. Instead, pre-filing exhaustion is mandatory and the case must be dismissed if available administrative remedies were not exhausted. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

The uncontroverted summary judgment evidence shows Plaintiff did not exhaust her administrative remedies because she did not file any grievances concerning the events or conditions forming the basis of the lawsuit. Because her complaint is unexhausted, it must be dismissed with prejudice for purposes of proceeding *in forma pauperis*.

## IV. Conclusion

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

A review of the pleadings and the summary judgment evidence in this case, viewed in the light most favorable to Plaintiff, shows there are no disputed issues of material fact and the Defendant is entitled to judgment as a matter of law on the issue of exhaustion of administrative remedies. It is accordingly

**ORDERED** the Defendant's motion for summary judgment (docket no. 20) is **GRANTED**. It is further

**ORDERED** the above-styled civil action is **DISMISSED** with prejudice for purposes of proceeding *in forma pauperis*, but without prejudice if the Plaintiff pays the full filing fee and does not seek *in forma pauperis* status. Finally, it is

**ORDERED** that any and all motion which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 13th day of December, 2016.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE